UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARTHUR KINLAW,

                Plaintiff,         9:06-CV-0356
                                          (DNH)(DRH)
    v.

DR. SADIQ,

                Defendant.
_____

APPEARANCES:                        OF COUNSEL:

ARTHUR KINLAW
00-A-3863
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733
Plaintiff, *pro se*

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. Background

     Plaintiff Arthur Kinlaw commenced this action by submitting a *pro se* civil rights complaint. Dkt. No. 1.  In his complaint, plaintiff alleged that while he was incarcerated at Clinton Correctional Facility in 2003, defendant Dr. Sadiq was deliberately indifferent to his serious medical needs when he discontinued medications that had been prescribed to plaintiff by an opthalmologist and a cardiologist.  *Id*.  Plaintiff has now submitted motions for injunctive relief, an amended complaint, and a motion to amend.  Dkt. Nos. 30, 31, 38, and 41.

## II. Motions for injunctive relief

### A. First motion

Plaintiff has filed a motion seeking injunctive relief against ten persons who he purports to be defendants. Dkt. No. 30 at 3. Plaintiff includes two different captions in his request for injunctive relief; included as "defendants" in those captions are Commissioner Brian Fischer, Theresa A. Knapp-David, Dr. Sadiq, Dr. Sidonowicz, Superintendent James Walsh, and what appear to be three district attorneys, a judge, an attorney general, and a correctional officer. Dkt. No. 30 at 3 and 8. The Court notes however that the **sole defendant** named in the original complaint is Dr. Sadiq.[1] *See* Dkt. No. 1.

In this motion for injunctive relief plaintiff includes numerous complaints regarding events which appear to have taken place at Sullivan Correctional Facility in 2009. *See* Dkt. No. 30, generally. Plaintiff claims that in 2009, Correctional Officer Daily put plaintiff's life in danger when Daily told other inmates that he had to give them misbehavior reports for violating the no smoking policy because plaintiff had filed repeated grievances complaining about second hand smoke. Dkt. No. 30 at 2, 18. Plaintiff alleges that he was subjected to second hand smoke at Sullivan because correctional officers and 57 inmates smoked on his company. *Id*. at 4. Plaintiff claims that in June 2009, he was set up and placed in "the Box" at Sullivan where he was subjected to second hand smoke and excessive heat. *Id*. at 5. Plaintiff also complains that during his stay in Sullivan, he suffered from a leg infection which went untreated. Plaintiff also claims that he suffers from "organ damage." *Id*. at 5-7.

---

[1] Dr. Sadiq has not yet been served. The Court has, and continues to take steps, to assist plaintiff in locating and serving Dr. Sadiq. Dkt. Nos. 16, 18, 22, 28, 37; *see also* notation entered on the docket report dated June 25, 2010. In fact, the Clerk's office recently located a possible new business address for Dr. Sadiq and again re-issued a summons and the U.S. Marshal attempted service of Dr. Sadiq at that address by mail. Since no acknowledgment to the summons has been returned, the Clerk has now re-issued the summons so that the U.S. Marshal may attempt personal service upon Dr. Sadiq at the same address. *See* Dkt. No. 42.

Plaintiff seeks a court order directing (1) immediate hospitalization for his leg infection; (2) an examination by a neurologist; and (3) that "defendants" be restrained from harassing or harming plaintiff, retaliating against plaintiff, issuing plaintiff misbehavior reports, or tampering with plaintiff's medications.  *Id*. at 9-11.

### B.  Second motion

Plaintiff has also filed a motion alleging that when he was incarcerated at Sullivan in 2009, he contracted an infection which developed into MRSA.[2]  Dkt. No. 38 at 1-2.  Plaintiff claims that he did not receive proper treatment at Sullivan, nor did he receive proper medical treatment when he was transferred to Elmira Correctional Facility.  *Id*.  Plaintiff seeks a court order directing that he be moved to a Regional Medical Unit so that he may receive intravenous treatment for his infection.  *Id*. at 3.  Plaintiff also asks for a court ordered transfer to a correctional facility for the blind because he is visually impaired.  *Id*. at 4.

### C.  Discussion

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter."  *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).  In most cases, to warrant the issuance of a preliminary injunction, a movant must show:  (a) irreparable harm; and (b) either (1) a likelihood of success on the merits of the claim; or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party.  *See D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). "The purpose of issuing a preliminary injunction is to

---

[2]  MRSA (methicillin-resistant *Staphylococcus aureus*) is a type of staph that is resistant to certain antibiotics. *See* http://www.cdc.gov/ncidod/dhqp/ar_mrsa_ca_public.html#2.

3

'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994) (per curiam)).

> 'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.' *McKinnon v. Tresman,* 2004 WL 78091, at *1 (2004 D. Conn.) (citing *Devose,* at 471 (denying the inmate plaintiff's motion for preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for preliminary injunction sought relief for alleged retaliation based on filing the instant lawsuit)); *see also Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997) ( "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." ).

*Candelaria*, 2006 WL 618576, at *3.

The Court has reviewed plaintiff's complaint in conjunction with his motions for injunctive relief and finds that the allegations forming the basis of his current motions are not related to the allegations contained in the complaint.  In fact, the alleged wrongdoing asserted in each of the present motions occurred at least six years after the alleged wrongdoing that forms the basis of the original complaint, and has no connection whatsoever to the alleged misconduct by Dr. Sadiq at Clinton Correctional Facility.

Additionally, to the extent that plaintiff asks the Court for injunctive relief against persons who are not parties to this action, the law is clear that, except in limited circumstances not relevant here, a court may not order injunctive relief as to **non-parties** to an action.  *See* Fed. R. Civ. P. 65(d); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir.

1988). Apart from Dr. Sadiq, none of the other persons named in plaintiff's motions are parties to this action.[3]

For the foregoing reasons, the Court denies plaintiff's motions (Dkt. Nos. 30 and 38) seeking injunctive relief.

## III. Amended Pleadings

Plaintiff has submitted two amended complaints to the Court for review.[4] Dkt. Nos. 31, 41. Because an amended complaint was already before the Court for review, the second amended complaint was construed to be a motion to amend. Dkt. No. 41.

### A. The amended complaint

Plaintiff's amended complaint names Brian S. Fischer and Theresa A. Knapp-David as defendants, but does not name the current defendant Dr. Sadiq. Dkt. No. 31 at 1. Plaintiff alleges that defendant Knapp-David ignored separation instructions placed in plaintiff's institutional record, and as a result plaintiff was transferred to Sullivan Correctional Facility where he alleges he was in danger of being harmed. *Id*. at 4-5. Plaintiff also alleges that he was exposed to second hand smoke and denied adequate medical care while he was incarcerated at Sullivan Correctional Facility. *Id*. at 5. Plaintiff attaches a letter to the amended complaint that he sent to the Civil Rights Unit, United States Attorney's Office, Southern District of New York, recounting the alleged falsification of his institutional and medical records, denial of proper medical care, and cruel and unusual conditions of confinement at Sullivan. *Id*. at 8-21.

---

[3] Plaintiff has also submitted an amended complaint and a motion to amend wherein he attempts to add some of these persons to this action; however, for the reasons more fully discussed below, plaintiff's amended complaint will not be accepted for filing in this action, and his motion to amend will be denied.

[4] Because plaintiff is proceeding *in forma pauperis*, any amended pleading submitted by plaintiff is subject to review by the Court pursuant to 28 U.S.C. § 1915(e).

### B. The motion to amend

The pleading which the Court has construed as a motion to amend names Dr. Sadiq, Brian S. Fischer, and Theresa A. Knapp-David as defendants. Dkt. No. 41 at 1. Plaintiff alleges that when he was incarcerated at Clinton Correctional Facility, Dr. Sadiq was deliberately indifferent to his serious medical needs when he discontinued plaintiff's prescriptions for glaucoma and high blood pressure. *Id*. at 2. The complaint is otherwise not a model of clarity. Plaintiff discusses his habeas corpus challenges in state court and alleges that he has been the victim of mail tampering and false misbehavior reports. *Id*. at 6-9. Plaintiff also alleges that he developed a leg infection in 2009 while he was at Sullivan Correctional Facility, and it was not properly treated. *Id*. at 9. Plaintiff seems to claim that defendant Fischer knew of plaintiff's problems at Sullivan but did nothing to help him. He further claims that Knapp-David also was aware that he would be in danger if placed in Sullivan Correctional Facility but she chose to ignore this. *Id*. at 10-12. The remainder of plaintiff's motion to amend is a rambling account of alleged wrongdoing that occurred in 2009 and 2010 while he was incarcerated at Sullivan Correctional Facility and Attica Correctional Facility. Apart from the allegations against Dr. Sadiq, none of the remaining allegations in the motion to amend are related in any manner to the allegations that plaintiff asserted in his original complaint which was filed over four years ago.

### C. Discussion

Plaintiff's amended complaint and motion to amend each include new defendants and claims, and therefore implicate both Rule 15(a) and Rule 21 of the Federal Rules of Civil Procedure. Rule 15(a) provides that the Court should grant leave to amend "freely

6

. . . when justice so requires." Generally, the court has discretion as to whether or not to grant leave to amend a pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962). When exercising its discretion, the court must examine whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party. *Evans v. Syracuse City School District*, 704 F.2d 44, 46 (2d Cir. 1983) (citing *Foman*, 371 U.S. at 182). Rule 21 provides, in pertinent part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also City of Syracuse v. Onondaga County*, 464 F.3d 297, 308 (2d Cir. 2006) (citations omitted). That rule permits joinder "'of a person, who through inadvertence, mistake, or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.'" *Oneida Indian Nation of N.Y. State v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000) (quoting *United States v. Hansel*, 999 F. Supp. 694, 697 (N.D.N.Y. 1998)) (other citation omitted). The same general principles as those that govern motions for leave to amend under Rule 15(a) inform a decision as to whether to permit joinder under Rule 21. *See, e.g., Oneida Indian Nation of N.Y. State*, 199 F.R.D. at 72 (citing *Expoconsul Int'l, Inc. v. A/E Systems, Inc.*, 145 F.R.D. 336, 337 (S.D.N.Y. 1993)).

The additional claims asserted by plaintiff in his amended complaint and the motion to amend are against new defendants and are wholly unrelated factually to the claims set forth against Dr. Sadiq in his original complaint.[5] Moreover, most of the claims appear to relate to actions or failures to act in 2009 and 2010, during times that he was incarcerated at Sullivan Correctional Facility (where plaintiff is presently located), Elmira Correctional

---

[5] The claims asserted against Dr. Sadiq in the motion to amend are virtually identical to those set forth against Dr. Sadiq in plaintiff's original complaint; therefore this part of the motion to amend is denied as unnecessary.

7

Facility, and Attica Correctional Facility.  None of those facilities are located in the Northern District (Sullivan Correctional Facility is located in the Southern District while Elmira and Attica Correctional Facilities are located in the Western District).

In light of the foregoing:  (1) the amended complaint (Dkt. No. 31) will be stricken from the docket of this action; and (2) the motion to amend (Dkt. No. 41) is denied without prejudice to plaintiff bringing a separate action or actions against the new defendants in the appropriate District Court.[6]

The Court also notes that plaintiff has had ***three*** prior *in forma pauperis* cases dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).  *See Kinlaw v. Central New York Psychiatric Center*, 9:08-CV-0352 (GLS/GJD), Dkt. No. 12 (outlining Kinlaw's previous dismissals pursuant to 28 U.S.C. § 1915(e)(2) and concluding that Kinlaw has three strikes and therefore may not proceed *in forma pauperis* unless he meets the exception to the "three strikes" rule that he is under imminent danger of serious physical injury).  In light of this, it appears that by trying to add new claims to this action he may be trying to avoid the "three strikes" provision set forth in 28 U.S.C. § 1915(g), which would require him to pay the entire filing fee to commence any ***new*** action.  Plaintiff is warned that any attempt to make an end run around 28 U.S.C. § 1915(g) by trying to add unrelated claims to this action will not be tolerated.

THEREFORE, it is

ORDERED, that

---

[6] For example, to the extent that the allegations in plaintiff's proposed amended pleadings concern alleged wrongdoing that occurred at Sullivan Correctional Facility (located in the Southern District of New York) those claims might be more appropriately filed in the Southern District of New York.

8

1.  Plaintiff's motions for injunctive relief (Dkt. Nos. 30, 38) are DENIED;

2.  Plaintiff's amended complaint (Dkt. No. 31) is stricken from the docket without prejudice to renewing the claims contained therein in a separate action filed in the appropriate District Court;

3.  Plaintiff's motion to amend (Dkt. No. 41) is DENIED without prejudice to renewing the claims contained therein in a separate action filed in the appropriate District Court; and

4.  The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: July 23, 2010
       Utica, New York.

_____
United States District Judge